PEOPLE ex rel. HEGEMAN v. CORRIGAN, City Magistrate, et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

1. FORGERY (§ 5*)—ELEMENTS OF OFFENSE—INTENT.

     The crime of forgery under Pen. Code, §§ 509–515, depends upon the intent to defraud, and there must be evidence that the person who made the false entry in the book of account did so with "intent to defraud or conceal any larceny or misappropriation by any person of any money or property."

     [Ed. Note.—For other cases, see Forgery, Cent. Dig. §§ 4–6; Dec. Dig. § 5.*

     For other definitions, see Words and Phrases, vol. 3, pp. 2900–2909; vol. 8, p. 7665.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
     113 N.Y.S.—33

2. FORGERY (§ 15*)—FALSE ENTRIES.

Entries in an insurance company's books representing an actual transaction by which loans made by it were paid by a transfer thereof to its bankers will not sustain a charge of forgery under Pen. Code, § 515, relating to false entries in books of account, though the payment and the entries relating thereto were made to deceive the insurance department.

[Ed. Note.—For other cases, see Forgery, Cent. Dig. § 50; Dec. Dig. § 15.*]

Appeal from Special Term, New York County.

Application by the People, on the relation of John R. Hegeman, for a writ of habeas corpus against Joseph E. Corrigan, city magistrate, and Peter Beery, a peace officer. From an order dismissing the writ, defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Robert C. Taylor, for appellants.

Morgan J. O'Brien, for respondent.

INGRAHAM, J. The question in this case is similar to that presented in People ex rel. Hegeman v. Corrigan (decided herewith) 113 N. Y. Supp. 504, except that here the relator is charged with forgery in respect to certain entries in the books of the Metropolitan Life Insurance Company which would show that the loans in question had been paid. The court below sustained the writ, and discharged the relator.

As we have held on the appeal from the perjury charge that the statement in regard to the payment of the loans was in fact true, and that the loans were actually paid by the receipt of the amount due from Vermilye & Co., with a transfer of the collaterals pledged to secure the loans, it follows that the statement of these entries in the books was not an untrue statement, and, therefore, not forgery. We also agree with the court below that there is an absolute lack of any evidence of intent to defraud, but that all the facts show that there was no such intent, and that the company was not in fact defrauded. The insurance company had the moneys represented by these loans; the entries in the books made a true statement of that fact. Certainly the company was not defrauded by these entries, as they correctly stated the actual fact. Whatever the intent was in regard to the Insurance Department, these entries in the insurance company's books had no relation to it. There was no person that could be defrauded. The crime of forgery depends upon the intent to defraud (Pen. Code, §§ 509-515), and, to make it a crime under section 515 of the Penal Code, there is required at least some evidence to show that the person who made the false entry in the book of account did so with "intent to defraud or conceal any larceny or misappropriation by any person of any money or property." The case is entirely bare of the slightest intimation that these entries were made with any such intent, and where the intent might well be proved by the fact that such an entry did actually injure a person or deprive him of his property, where the entry could have no such effect, and where it simply rep-

resented a true condition of affairs or an actual transaction, there certainly cannot be any foundation for the crime of forgery.

It follows that the order appealed from must be affirmed.

McLAUGHLIN and HOUGHTON, JJ., concur. PATTERSON, P. J., and CLARKE, J., concur in result.